# Towns v. Towns.

### Action of Ejectment.

1. *Life estate of husband in wife's land recognized by and maintainable in law.*—If a man buys land and pays for it with the money of his wife and takes the deed in his own name; and if the children of the wife after her death obtain a decree of the chancery court in a suit against the husband

[Towns v. Towns.]

that the title to the land be invested in them, but subject
to the courtesy of the husband, his life estate is one recog-
nized by and maintainable at law, and as it entitles him to
possession of the land it will support ejectment.

APPEAL from the City Court of Anniston.

Tried before the Hon. James W. LAPSLEY.

Isaac N. Towns purchased land with funds belonging
to his wife. After her death C. N. Towns and Mary
Towns obtained a decree of the chancery court investing
them with the title, but reserving to I. N. Towns a life
estate by courtesy. I. N. Towns being in possession C.
N. Towns moved on the land at the plaintiff's request,
but afterwards refused to yield his possession to plain-
tiff. Thereupon this suit was brought.

H. A. EMERSON and MERRILL & BRIDGES, for appellant.
The decrees divesting the legal title out of I. N. Towns
and investing the same in appellant subject to the life es-
tate by courtesy of I. N. Towns, leaves only an equity in
the latter which will not support ejectment.—*Carring-
ton v. Richardson,* 79 Ala. 101; *Tutwiler v. Munford,* 73
Ala. 308; *Denning v. Blair,* 75 Ala. 216; *Harrison v. Pal-
mer,* 76 Ala. 157.

(1). MATTHEWS & WHITESIDE, *contra.*—A present
right of entry and possession is sufficient to support
ejectment.—*White v. Saint* ........, Minor 331; *Du-
val's Heirs v. McLoskey,* 1 Ala. 708. (2). A freehold
life estate is a legal right and gives the holder the right
of possession.—1 Chitty Pl. 187; *Williams v. Hartshorn,*
30 Ala. 211.

SHARPE, J.—The sole question presented by this ap-
peal is as to the effect of the chancery decree set out in
the bill of exceptions. The decree was rendered upon a
bill filed by appellant and his sister to obtain the title
theretofore held by the appellee in the lands sued for,
and upon its terms alone he depends to show a divesti-
ture of that title and to maintain his defense.

The bill in the chancery cause prayed a decree that
the legal title to the lands be divested out of the said
Isaac N. Towns and invested in complainants, and that

the possession and use of the said lands be decreed to Isaac N. Towns during his life-time and at his death pass absolutely to complainants. The decree recites the ascertainment of the complainant's equitable interests as heirs of Martha B. Towns, deceased, who was the wife of Isaac N. Towns, and the conclusion reached by the court "that said Isaac N, Towns holds the legal title in said lands in trust for said heirs subject to his courtesy as husband of said Martha B. Towns therein," and orders "that the legal title be divested out of the said Isaac N. Towns, and the same is hereby invested in the said complainants as prayed for in the bill, subject, however, to the life estate of the said Isaac N. Towns in the same as such husband."

Construing this decree in connection with the prayer of the bill to which it specially refers we think it means and has effect to reserve to Isaac N. Towns a possessory interest in the lands in question equal to that which the law would have conferred upon him if his wife Martha B. Towns had died seized and possessed of them in fee. In such case, while the fee simple title would have passed to the heirs of Mrs. Towns, the law would have carved out from their interests an estate in favor of the husband entitling him to the possession and use of the land during his life. Such life estate is in no sense a mere equitable interest as is contended for appellant, but it is one recognized by and maintainable at law; and entitling its owner to possession it will support ejectment which is a possessory action.—Tyler on Ejectment, *Gregg v. Tesson,* 1 Black (U. S.) 150; *White v. St. Guirons,* 1 Minor, 331.

The facts as found by the city court are undisputed, and there was no error in the judgment. It will be affirmed.